### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____
                                              )
RAYMOND STEDMAN,                              )
                                              )
                        Plaintiff,            )
                                              )
            v.                                )            Civil Action No. 22-3191 (BAH)
                                              )
FEDERAL COMMUNICATIONS                        )
COMMISSION,                                   )
                                              )
                        Defendant.            )
_____      )

### <u>MEMORANDUM OPINION</u>

Plaintiff Raymond Stedman initiated the instant complaint in the Superior Court of the

District of Columbia against defendant Federal Communications Commission ("FCC"), which

removed the action to this Court before filing the pending motion to dismiss, pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6).  *See* Def.'s Mot. to Dismiss, ECF No. 4.[1]  For

the reasons discussed below, defendant's motion is granted.

## I.    BACKGROUND

Plaintiff alleges that, over a 12- to 14-year period, his "home and property [have] been

commandeered or overrun by the government and other media entities."  Compl. at 3, ECF No.

1-1.[2]  He states that he "was the focal point of an 'open forum' (spygate Obamagate) cyber riots

and attacks, has direct contact with world leaders (Kim Jun Un [sic], Vlad Putin, Queen

_____

[1]      For purposes of resoling the pending motion, service of process is assumed to have been effected, obviating
the need to address defendant's alternative argument that dismissal is warranted for insufficient service of process,
under Federal Rule of Civil Procedure 12(b)(5).  *See* Def.'s Mem. at 12-13.

[2]      The page numbers cited are those applied by the Court's Case Management/Electronic Case Filing
("CM/ECF") system.

Elizabeth, the prince of Arabia), terrorist organizations, and cults," and has had his "intellectual property . . . taken at will from the privacy of [his] own home." *Id*.  Over this time period, plaintiff alleges, his "privacy and civil rights were violated beyond belief." *Id*.  According to plaintiff, "bombers or army transport planes fly[] directly over [his] house," *id*. at 3, and on one occasion an "attack chopper with a red light was 75 feet over [his] driveway," *id*. at 3-4. "Besides the invasion of privacy, harassment, criminal negligence, wreck less [sic] endangerment, and obstruction of justice," plaintiff allegedly suffers "injury to [his] brain and body caused by overwhelming signal, riots and ritual like attacks by media and government entities as well as a victimized public and military and intelligence agencies." *Id*. at 4.

Plaintiff appears to blame defendant for the physical and psychological harm he suffers, citing the agency's responsibility "for regulating Broadcast networks, Radios, and the internet in it's [sic] entirety."  Pl.'s Opp'n at 3, ECF No. 7; *see* Supp. Opp'n at 3, ECF No. 8.  He describes a "network of telepathy and pirated signal" and alleges "[e]very network had they're [sic] own signal malfunction, circle, and effects.  Aimed directly at us."  Pl.'s Opp'n at 3.  "The anxieties [plaintiff has] developed, the hacking of [his] cyber identity, complications to [his] life and actual physical harm are unforgiveable," plaintiff alleges.  Errata at 3, ECF No. 9.  To compensate for his injuries, plaintiff demands $45 million.  Compl. at 1.

Defendant moves to dismiss the complaint, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that: (1) the Court lacks subject matter jurisdiction; and (2) the complaint fails to state a claim upon which relief can be granted.  *See generally* Def.'s Mem. of P. & A. in Support of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 8-12, ECF No. 4.  Defendant is correct.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(1)

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.'"  *Bronner ex rel. Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 317 (D.C. Cir. 2012)); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))). Absent subject-matter jurisdiction over a case, the court must dismiss it.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)); FED. R. CIV. P. 12(h)(3).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of demonstrating the court's subject-matter jurisdiction over the claim at issue.  *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).  When considering a motion to dismiss under Rule 12(b)(1), the court must determine jurisdictional questions by accepting as true all uncontroverted material factual allegations contained in the complaint and "'constru[ing] the complaint liberally, granting plaintiff[s] the benefit of all inferences that can be derived from the facts alleged.'"  *Hemp Indus. Ass'n v. DEA*, 36 F.4th 278, 281 (D.C. Cir. 2022) (second alteration in original) (quoting *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011)).

### B.    Rules 8 and 12(b)(6)

A plaintiff need only provide a "short and plain statement of [his] claim showing that [he

is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . .

. claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per

curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation

marks omitted).  Ideally, "[e]ach allegation [of a complaint is] simple, concise, and direct."  Fed.

R. Civ. P. 8(d)(1).  At the same time, to withstand a motion to dismiss under Rule 12(b)(6), the

"complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'"  *VoteVets Action Fund v. McDonough*, 992 F.3d 1097, 1104 (D.C. Cir.

2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Wood v. Moss*, 572 U.S.

744, 757–58 (2014).  A facially plausible claim pleads facts that are not "'merely consistent

with' a defendant's liability" but that "allow[] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

U.S. at 556); *see Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015)

("Plausibility requires more than a sheer possibility that a defendant has acted unlawfully[.]").

In deciding a motion under Rule 12(b)(6), the whole complaint must be considered, with

all factual allegations accepted as true, "even if doubtful in fact."  *Twombly*, 550 U.S. at 555; *see*

*also Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1265 (D.C. Cir. 2019).

The Court cannot, however, "assume the truth of legal conclusions, nor [does it] 'accept

inferences that are unsupported by the facts set out in the complaint.'"  *Arpaio*, 797 F.3d at 19

(alteration in original) (internal citation omitted) (quoting *Islamic Am. Relief Agency v. Gonzales*,

477 F.3d 728, 732 (D.C. Cir. 2007)); *see Iqbal*, 556 U.S. at 681 (stating that conclusory

allegations are "not entitled to be assumed true").

In applying these standards to pleadings filed by *pro se* litigants, the court must consider

the complaint "in light of all filings, including filings responsive to a motion to dismiss."

*Johnson v. District of Columbia*, 927 F.3d 539, 541 (D.C. Cir. 2019) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (internal quotation marks omitted)). In addition, a *pro se* complaint must "'be liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Erickson*, 551 U.S. at 94 (internal quotation marks and citation omitted)). Nonetheless, a *pro se* plaintiff is not excused from complying with applicable procedural rules and "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. 678); *see also Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2011).

## III.   DISCUSSION

Plaintiff's lawsuit must be dismissed on multiple grounds, whether plaintiff's claims are broadly construed as torts or violations of his civil rights, as explained further below.

### A.   Sovereign Immunity Bars Plaintiff's Claims

"The United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent, and that the existence of consent is a prerequisite for jurisdiction."). "A waiver of sovereign immunity 'cannot be implied, but must be unequivocally expressed,'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)), and absent an express waiver, "sovereign immunity shields the Federal Government and its agencies from suit," *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

## 1.      Tort Claims under the Federal Tort Claims Act

Insofar as plaintiff's claims sound in tort, defendant argues, Def.'s Mem. at 9-10, ECF

No. 4, they may proceed only under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§

2671-80, which permits a civil suit for "personal injury . . . caused by the negligent or wrongful

act or omission of any employee of the Government while acting within the scope of his office or

employment," 28 U.S.C. § 1346(b).[3]  The FTCA waives sovereign immunity "'under

circumstances where the United States, if a private person, would be liable to the claimant in

accordance with the law of the place where the act or omission occurred.'"  *Hornbeck Offshore*

*Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) (quoting 28 U.S.C. §

1346(b)(1)).  Thus, the FTCA renders the United States subject to suit for certain – but not all –

tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).

### a.      Exhaustion of Administrative Remedies

To the extent plaintiff intends to bring negligence claims, such claims would proceed

under the FTCA, which in relevant part provides:

> An action shall not be instituted upon a claim against the
> United States for money damages for injury or loss of property or
> personal injury or death caused by the negligent or wrongful act or
> omission of any employee of the Government while acting within
> the scope of his office or employment, unless the claimant shall have
> *first presented the claim to the appropriate Federal agency* and his
> claim shall have been finally denied by the agency in writing and
> sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added).  Accordingly, claimants may not sue the United States

"in federal court until they have exhausted their administrative remedies," and claimants'

"fail[ure] to heed that clear statutory command" warrants dismissal of their claims.  *McNeil v.*

---

[3]      The United States of America is the only proper defendant to a suit under the FTCA.  *See, e.g., Hall v. Admin. Office of U.S. Courts*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007).  Even though this *pro se* plaintiff has not named the United States as a party defendant, this pleading defect is overlooked and plaintiff's claims are treated as if he brought them against the United States directly.

*United States*, 508 U.S. 106, 113 (1993); *see Henderson v. Ratner*, No. 10-5035, 2010 WL

2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam) (affirming dismissal of FTCA claim where

"[a]ppellant failed to demonstrate that he exhausted his administrative remedies before filing suit

in the district court"); *Abdurrahman v. Engstrom,* 168 F. App'x  445, 445 (D.C. Cir. 2005) (per

curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject

matter jurisdiction").

Defendant notes that plaintiff has presented no factual allegations about compliance

"with the FTCA's exhaustion of administrative remedy prerequisites" prior to bringing this

lawsuit.  Def.'s Mem. at 9; Def.'s Reply in Support of its Mot. to Dismiss at 2, ECF No. 11.

Although plaintiff's oppositions do not mention the FTCA, plaintiff produces a copy of a Claim

for Damage, Injury, or Death (SF-95), explaining the basis of his claim as follows:

> For the past 12-15 years, cyber riots and unregulated signals have
> harassed, endangered, and physically harmed me I was attached to
> cult like network by my mind.  I've lost any since [sic] of privacy or
> security.  The toll on my mind is monstrous anxieties, loss of
> function, being actually converted telepathy.  I've been a target of a
> signal pirating cult, based on television on a completely unregulated
> network . . . .

Errata, Ex. at 1, ECF No. 9-1.  According to plaintiff, these events occurred on November 20,

2022, *see id*., long after his complaint, had already been filed, on April 28, 2022, ECF No. 1-1,

and shortly after defendant had filed the pending motion to dismiss, on November 16, 2022,

alerting plaintiff to the defect under the FTCA.  As defendant notes, *see* Def.'s Reply at 2 n.1,

ECF No. 11, this belated effort to present an administrative claim does not demonstrate

compliance with the FTCA for purposes of this lawsuit, as plaintiff fails to show both

presentment of his claim to defendant and denial of "his claim . . . in writing and sent by certified

or registered mail," 28 U.S.C. § 2675(d), prior to filing this civil action in Superior Court on

April 28, 2022.  "The FTCA bars claimants from bringing suit in federal court until they have

exhausted their administrative remedies." *McNeil*, 508 U.S. at 113.  Thus plaintiff's failure to

exhaust warrants dismissal for lack of jurisdiction.

### b.    Constitutional Tort Claims

If plaintiff's tort claims arise from an alleged violation of his civil rights, such claims are

barred by sovereign immunity.  The "United States simply has not rendered itself liable under

§ 1346(b) for constitutional tort claims."  *Meyer*, 510 U.S. 478; *see Mullen v. Bureau of Prisons*,

843 F. Supp. 2d 112, 116 (D.D.C. 2012) ("[T]he United States has not consented to be sued for

monetary damages based on a constitutional violation[.]"); *Boling v. U.S. Parole Comm'n*, 290

F. Supp. 3d 37, 46 (D.D.C. 2017) ("First, the law is well established that Congress has not

waived the United States' immunity with respect to tort claims arising under the Constitution."),

*aff'd*, No. 17-5285, 2018 WL 6721354 (D.C. Cir. Dec. 19, 2018).

### 2.    Remaining Tort Claims

If plaintiff brings tort claims "based on the alleged, unspecified conduct of the invasion

of privacy, harassment, criminal negligence, reckless endangerment, and obstruction of justice,"

Def.'s Mem. at 12; *see* Compl. at 3, defendant argues such claims amount to intentional torts

barred by sovereign immunity as well, *see* Def.'s Mem. at 12; *see also* 28 U.S.C. § 2680(h)

(providing that FTCA's waiver of sovereign immunity does not apply "[a]ny claim arising out of

assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel,

slander, misrepresentation, deceit, or interference with contract rights").

Given the vague and conclusory nature of the complaint, determining whether or what

intentional torts plaintiff intends to raise is difficult.  That said, plaintiff's allegations of having

"walked into a[n] assassination style shooting," Compl. at 3, having military aircraft fly over his

house, *see id.* at 3-4, and having suffered physical injury, *see id*. at 4, suggest assault and battery claims.  Any such assault and battery claims are barred by sovereign immunity.

Plaintiff responds with a request that this Court "wa[i]ve sovereignty."  Pl.'s Opp'n at 3; *see* Pl.'s Supp. Opp'n at 2; Errata at 3.  Plaintiff considers his circumstances "unprecedented," Pl.'s Opp'n at 3, and to be "the actual cause of the Jan. 6, international riots and shootings," *id*.; *see* Pl.'s Supp. Opp'n at 2; Errata at 3.  This request is beyond the power of this Court to grant because only the United States Congress has the authority to waive sovereign immunity.  *See Lane v. Peña*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text[.]").

**B.     The Complaint Fails to State Claims Upon Which Relief Can Be Granted**

Defendant argues that "this Court cannot entertain jurisdiction over the patently insubstantial pleading before it."  Def.'s Mem. at 8.   The Court concurs.

A federal court is "without power to entertain claims otherwise within [its] jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous."  *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974) (citations and internal quotation marks omitted).  Mindful, however, that a *pro se* plaintiff's complaint must be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), the Court finds plaintiff's allegations, to include his direct contact with world leaders, Compl. at 3, and injuries to his "brain and body caused by overwhelming signal," *id*. at 4, to be "patently insubstantial," as they are "flimsier than doubtful or questionable . . . [and] essentially fictitious," *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (internal quotation marks omitted).

## IV.     CONCLUSION

This Court concludes that its lacks subject matter jurisdiction over plaintiff's tort claims and that the complaint otherwise fails to state a viable legal claim.  Accordingly, defendant's motion to dismiss will be granted.  An Order consistent with this conclusion is issued separately.


DATE: May 23, 2023                                        /s/  *Beryl A. Howell*

                                                          BERYL A. HOWELL
                                                          United States District Judge